UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| F.S., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SHAWNEE MISSION MEDICAL CENTER, INC. d/b/a ADVENTHEALTH SHAWNEE MISSION, <br><br> and <br><br> CAPTIFY HEALTH, INC., <br><br> and <br><br> YOU PATIENT ADVISOR, <br><br> and <br><br> JOHN DOES 1-50, <br><br> and <br><br> JANE DOES 1-50, <br><br> Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

COMES NOW Defendant Captify Health, Inc. ("Captify"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332(d), 1141, 1446, and 1453, hereby files this Notice of Removal of the instant action based upon subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005. In support of this Notice, Defendant Captify states as follows:

1

## I. The Petition and Timeliness

1. On or about May 17, 2023, Plaintiff commenced an action in the District Court of Sedgwick County, Kansas, bearing Case No. 2023-00915-TO. A copy of is attached within **Exhibit A.**

2. On or about June 22, 2023, Plaintiff filed an Amended Class Action Petition. A copy of the Amended petition is attached within **Exhibit B.**

3. Defendant Captify was served with summons and the initial Petition on June 15, 2023.

4. Therefore, this Notice of Removal is filed within 30 days of service upon Defendant and is timely filed pursuant to 28 U.S.C. § 1446.

5. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.2, the documents attached hereto as **Exhibits A and B** constitute all of the process, pleadings, and orders served on Defendant Captify prior to the removal of this action.

## II. Basis of Removal

6. Removal is warranted under 28 U.S.C. § 1332(d), also known as the Class Action Fairness Act of 2005 ("CAFA").

7. Under CAFA, this Court has subject-matter jurisdiction over a class action with (a) more than 100 members (b) in which there is minimal diversity amongst the parties, and (c) the amount in controversy exceeds the sum or value of $5,000,000 in the aggregate.

8. Here, the First Amended Petition states Plaintiff brings this class action individually and on behalf of

> All persons residing in the United States who were patients of Defendants AdventHealth and/or Captify since January 1, 2021 and whose PHI and/or PII was disclosed by Defendants to unauthorized third-parties.

> All persons resigning in the United States to whom Defendant sent a Notice of Data Breach letter to their Kansas address informing them of an "incident" which led to access and removal of patients' personally identifying information and protected health information from January 1, 2020 to October 13, 2022 (The "Kansas Class").

Exhibit B, ¶ 73.

9. Plaintiff further states the "Classes are comprised of tens of thousands of individuals," which is sufficient to satisfy CAFA removal requirements. Exhibit B, ¶ 76.

10. CAFA removal only requires minimal diversity between at least one Plaintiff and one Defendant.

11. Plaintiff F.S. is an individual and a resident and citizen of the State of Kansas. Exhibit B, ¶ 14. At least one member of the putative class is located in a State other than Delaware or Kansas, specifically the State of Nevada. Declaration of Lisa Bellm, filed contemporaneously herewith as **Exhibit C**, ¶ 5.

12. Defendant Captify is a corporation formed in the State of Delaware and has its principal place of business in the State of Kansas. Exhibit C, ¶ 5.

13. The First Amended Petition asserts seven counts against Defendant: outrageous conduct, breach of implied contract, negligence, invasion of privacy by public disclosure of private facts, breach of fiduciary duty of confidentiality, negligent training and supervision, and negligence *per se*. Though the merit of the claims is denied, a factfinder might legally conclude that relief granted from those counts to the tens of thousands of class members may possibly exceed $5,000,000. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909 (10th Cir. 2016).

14. While denying liability in this case and reserving all rights in that regard, allegations of data breaches, particularly those involving the disclosure of protected health or personal information, routinely reach settlements or verdicts in excess of the jurisdictional minimum. *See* Request for Judicial Notice, filed contemporaneously herewith.

15. In determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by a plaintiff's petition—not what a court or jury might later determine to be the actual amount of damages, if any. *LaCross v. Knight Transp. Inc.*, 7775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)); *see also Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"). If the Plaintiff fails to allege a specific amount, the defendant may assert a plausible allegation that it crosses the jurisdictional threshold. *Stoddard v. Oxy USA Inc.*, No. 17-1067-EFM-GLR, 2017 WL 3190354, at *3 (D. Kan. July 27, 2017)

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). This standard applies to complaints like the Complaint in this action, which does not allege or seek a specific amount of damages. *Dart Cherokee*, 135 S. Ct. at 554-55. Further, attempts by plaintiffs

4

to limit removal by explicitly claiming damages beneath the jurisdictional minimum are unavailing if the defendant can nonetheless plausibly establish that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242 (10th Cir. 2012).

17. Further, Plaintiff is seeking attorneys' fees pursuant to HIPAA and HITECH, 42 U.S.C. §§ 17902, 17921; 45 C.F.R. § 160-164. In determining whether a Petition meets the amount in controversy requirement, a removing party may include punitive damages and statutory attorney fees. *Frederick*, 683 F.3d at 1247-48; see also *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

18. In short, though liability is expressly denied, the amount in controversy in this case exceeds $5,000,000. Captify's allegations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal tests applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1). While Captify vehemently denies the validity and merit of all of Plaintiff's claims and the demands for monetary and other relief that flow from them, a reasonable person, reading the petition would conclude that Plaintiff was seeking damages in an amount greater than the minimal jurisdictional amount of this Court.

### III. Removal is Otherwise Appropriate

19. Venue is proper in this Court because this action was originally filed in Sedgwick County, Kansas[1], which is included in this Court's judicial area. 28 U.S.C. § 1441; Local Rule 81.1.

20. Defendant has contemporaneously given notice of its filing to Plaintiff and to the District Court of Sedgwick County, Kansas. A copy of the notice provided to Plaintiff is attached as **Exhibit D**. A copy of the State Court notice is attached as **Exhibit E**.

21. Removal is appropriate here without consent of all defendants. 28 U.S.C. § 1453(b).

22. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Captify's right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over Defendant Captify, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

24. Defendant Captify demands a trial by jury on all issues so triable.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Captify hereby notifies all relevant parties that further proceedings in the Circuit Court of

---

[1] Johnson County – not Sedgwick County – is the proper venue, as illustrated on the face of the Petition in the substantive venue allegations, though the distinction does not appear to matter for purposes of this removal.

6

Sedgwick County, Kansas are discontinued and that the suit is removed to the United States District Court of Kansas.

        Respectfully Submitted,

        **GORDON REES SCULLY MANSUKHANI, LLP**

        */s/ Jordon T. Stanley*
        Jordon T. Stanley, #21990
        211 North Broadway, Suite 2150
        St. Louis, Missouri 63102
        Telephone: (314) 961-6686
        Fax: (314) 338-3076
        jtstanley@grsm.com
        *Attorneys for Defendant,*
        *Captify Health, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on this 14th day of June, 2023, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

        By:   */s/ Jordon T. Stanley*